```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
       HAMMOND DIVISION AT LAFAYETTE
```

|                                   |                |
|-----------------------------------|----------------|
| RUSSELL HOAKS,                    |                |
|     Plaintiff,                    |                |
| vs.                               | NO. 4:15-CV-18 |
| BENTON COUNTY SHERIFF'S           |                |
| DEPARTMENT, and DONALD            |                |
| MUNSON, in his individual         |                |
| capacity,                         |                |
|     Defendants.                   |                |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to for Partial Reconsideration and Summary Judgment, filed on February 26, 2018. (DE #41.) For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On March 5, 2015, Plaintiff Russell Hoaks ("Hoaks") filed a complaint against the Benton County Sheriff's Department ("Sheriff's Department") and Sheriff Donald Munson ("Sheriff Munson" or "Munson") in his individual capacity (together, "Defendants"). Munson was a correctional officer with the Sheriff's Department. In 2014, both Munson and Hoaks ran for

sheriff on the Republican ticket in the primary election. Hoaks lost to Munson. Munson went on to win the general election in November and, on his first day in office, he terminated Hoaks. Hoaks filed this 42 U.S.C. § 1983 action alleging that he was terminated in violation of the First Amendment.

On January 30, 2018, the Court entered a lengthy order granting in part and denying in part Defendants' motion for summary judgment. (DE #38.) The Court dismissed the claims against Munson based on qualified immunity. The Section 1983 claim against the Sheriff's Department remains pending. The Sheriff's Department filed the instant motion for reconsideration of the Court's decision to deny summary judgment on this claim. The motion has been fully briefed and is ripe for review.

DISCUSSION

The Sheriff's Department asks the Court to reconsider its order denying summary judgment on the Section 1983 claim based on Rule 60(a) and Rule (b)(1) of the Federal Rules of Civil Procedure. Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was

pronounced." *Carr v. Tillery,* No. 07-314-DRH, 2010 WL 2132195, at *3 (S.D. Ill. May 17, 2010) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2854 (3d ed. 1998 & Supp. 2009) (collecting cases)); *see Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 n.2 (7th Cir. 1998) ("[T]he dismissal . . . accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)."). While the Sheriff's Department asserts that the Court's January 30 order contains an error of "oversight," the order accurately reflects the intentions of the Court at the time it was entered. As such, relief under Rule 60(a) is unavailable.

Rule 60(b)(1) provides that the court may relieve a party from an order based on "mistake." Fed. R. Civ. P. 60(b)(1). Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citation omitted).

The Sheriff's Department asks the Court to reconsider its decision not to dismiss Hoaks' Section 1983 claim against the Sheriff's Department, which is based on *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To recover under *Monell*, a plaintiff must establish that (1) he suffered a deprivation of a federal right; (2) as a result of an express municipal policy, a widespread custom, or a deliberate act of a decision-maker with final policymaking authority for the municipality; which (3) was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). Defendants' original brief in support of their motion for summary judgment argued that Hoaks could not prevail on a *Monell* claim against the Sheriff's Department based on a policy, practice, or custom. It also made a four-sentence argument – without citation to any legal authority – that Hoaks' Complaint failed to allege a claim based on policymaker liability. (*See* DE #32 at 20.)[1]

---

[1] Defendants' original brief made the following policymaker argument:
   Plaintiff has made no allegations in his Complaint to suggest that he has based his claim against Benton County Sheriff's Department on policymaker liability. In addition to the allegation above the only other seemingly relevant allegation in Plaintiff's Complaint dealing with potential *Monell* issues is "Munson is an elected official and employed by Benton County as Sheriff. Munson performs administrative and ministerial duties on behalf of Benton County." [DE #1 at ¶4]. This allegation does not demonstrate a *Monell* claim against the Benton County Sheriff's Department for the actions of a policymaker. In fact, Plaintiff does not allege for purposes of a *Monell* claim that Munson is, in fact, a policymaker with respect to employment decisions. (DE #32 at 20.)

In response, Hoaks argued that Sheriff Munson was a decision-maker with final policymaking authority. As explained in the January 30 order, "[t]he determination of whether a person has policymaking authority is a question of state law, and is to be decided by the court." (DE #38 at 29 (quoting *Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2009) (citations omitted)). "Officials with final decisionmaking authority are deemed policymakers for *Monell* purposes, and we need to look to state law to determine the scope of such authority." *Id.* at 676 (citations omitted). The Indiana Court of Appeals has found that a sheriff is "a final policymaker." *Trout v. Bouie*, 653 N.E.2d 1002, 1007 (Ind. Ct. App. 1995). The Court noted that, in their reply brief, Defendants asserted that Hoaks' Complaint did not allege a *Monell* claim based on policymaker liability, without any further argument or explanation regarding this statement.[2] (DE #38 at 30 n.1.) The Court also noted that Defendants did not deny that Sheriff Munson was a final decisionmaker. (*Id*. at 29-30.) Considering the facts in the light most favorable to Hoaks as the nonmoving party, the Court determined that a genuine issue of

---

[2] Defendants' reply brief made the following policymaker argument:
> Further, although Plaintiff proceeds to argue his *Monell* claim from a policymaker perspective, it is clear that his Complaint did not allege a *Monell* claim based on policymaker liability. Even if this court would entertain such a belated claim, Sheriff Munson's actions did not violate the First Amendment, so there is no *Monell* liability for Hoaks' termination.

(DE #37 at 78.)

5

material fact existed as to whether Sheriff Munson violated the First Amendment when he terminated Hoaks. (*Id*. at 30.) Because Defendants failed to proffer any authority supporting their policymaker arguments, and did not refute Hoaks' assertion that Sheriff Munson was a final decisionmaker, the Court denied Defendants' motion for summary judgment on the *Monell* claim.

According to the Sheriff's Department, the Court found that Defendants waived their argument that Hoaks' Complaint did not allege a *Monell* claim based on policymaker liability because it mistakenly determined that Defendants only raised this argument in their reply brief. While the January 30 order only references Defendants' reply brief, this argument in both their original and reply briefs was perfunctory and undeveloped. "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." (*Id*. at 30 n.1 (quoting *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009)). Defendants failed to cite any legal authority to support their policymaker argument in either their original or reply briefs. "[I]t is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel, and we have warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are

waived." *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (citation and internal quotation marks omitted).

In its motion for reconsideration, the Sheriff's Department develops the argument that the Complaint failed to allege policymaker liability under *Monell*. It cites *Valentino v. Village of South Chicago Heights*, 575 F.3d 664 (7th Cir. 2009), as setting forth an outline of the facts that must be established to prove a policymaker liability. *Valentino* provides that "the mere unreviewed discretion to make hiring and firing decisions does not amount to policymaking authority. There must be a delegation of authority to set policy for hiring and firing, not a delegation of only the final authority to hire and fire." *Id*. at 676 (citations omitted). While the Sheriff's Department now proffers case law to support its argument, Rule 60(b) is "not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision." *Amawi v. Walton*, No. 13-CV-866-JPG-RJD, 2017 WL 6540913, at *1 (S.D. Ill. Dec. 21, 2017) (collecting cases).[3]

---

[3] The Sheriff's Department also contends that Defendants did not address Hoaks' argument that Sheriff Munson was a policymaker in their summary judgment briefing because the claim was not properly pled. It maintains that Hoaks failed to seek evidence that Munson was a policymaker for purposes of firing in discovery and attempts to distinguish *Trout*, 653 N.E.2d 1002, in which the Indiana Court of Appeals found that a sheriff is a final policymaker. To the extent that the Sheriff's Department is attempting to argue that Munson is not a policymaker for the purposes of the *Monell* claim, a motion for reconsideration is not an opportunity to raise new arguments which could have been raised

Moreover, the Court is not persuaded by the Sheriff Department's argument. A Section 1983 "municipal liability claim need not meet any heightened pleading standard, but rather must simply set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint." *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001) (citation omitted); *see White v. City of Chicago*, 829 F.3d 837, 839 (7th Cir. 2016) ("federal courts may not apply a 'heightened pleading standard'—more stringent than the usual pleading requirements of [Rule 8(a)]—in civil rights cases alleging municipal liability" under § 1983). Whether a complaint provides notice is determined by looking at the complaint as a whole. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011) (the court is to read the complaint and assess its plausibility as a whole).

In *Kristofek v. Village of Orland Hills*, 712 F.3d 979 (7th Cir. 2013), a former police officer brought a First Amendment retaliation claim under Section 1983 against the village and its police chief after the police chief fired him. *Id*. at 981. The trial court dismissed the officer's retaliation claim. On appeal, the Seventh Circuit reversed the trial court's decision and

---

previously. *See Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) ("[D]eveloping an argument for the first time in a motion to reconsider is too late."). Because Defendants did not make this argument in their summary judgment briefing, it has been waived. *See id.* ("[A]ny arguments . . . raised for the first time in [a] motion to reconsider are waived.").

addressed whether the officer had stated a *Monell* claim based on the policymaker theory of liability. The court cited *Valentino* (the case on which the Sheriff's Department relies) for the proposition that "the mere unreviewed discretion to make hiring and firing decisions does not amount to policymaking authority. There must be a delegation of authority to set policy for hiring and firing, not a delegation of only the final authority to hire and fire." *Id*. at 987 (quoting *Valentino*, 575 F.3d at 676). The Seventh Circuit considered the complaint and found that the officer had "stated, albeit barely, a plausible claim that [the police chief] had at least *de facto* authority to set policy for hiring and firing" because the complaint "*suggest[ed]* [the police chief] was fully in charge of the police department and that his firing decisions were not reviewed." *Id*. at 987 (emphasis added). "The picture painted by the complaint . . . *suggest[ed]* that [the police chief] had the unfettered discretion to hire and fire whomever he pleased." *Id*. (emphasis added).

Here, the Complaint alleges: (1) "Munson is an elected official and employed by Benton County as Sheriff" and "performs administrative . . . duties on behalf of Benton County" (DE #1, ¶4); (2) "Defendants [including Sheriff Munson], acting pursuant to a policy, practice, and/or custom, violated Hoaks' rights as protected by the First Amendment" (*Id*., ¶7); (3) "Munson made it

9

known that when he took office he planned to terminate Hoaks employment" and "told several inmates and other members of the public of his intent" (*Id.*, ¶15); and (4) "Munson terminated Hoaks' employment" on his first day in office as sheriff (*Id.*, ¶17). Nothing in the Complaint suggests that Sheriff Munson's firing decision was reviewed. As noted above, whether a decisionmaker is considered a "policymaker" is determined by state law, and Indiana courts have found that a sheriff is "a final policymaker" for some purposes. *Trout*, 653 N.E.2d at 1007. Like the allegations in *Kristofek*, the Complaint alleges, albeit barely, a plausible claim that Sheriff Munson had least *de facto* authority to set policy for hiring and firing for the Sheriff's Department. *See Wiseman v. City of Michigan City*, 966 F. Supp. 2d 790, 797–98 (N.D. Ind. 2013) (finding plaintiff stated a plausible claim that superintendent "had at least *de facto* authority to set policy for hiring and firing" for the city where the complaint alleged that superintendent had supervisory authority over plaintiff, made personnel decisions, and caused or participated in plaintiff's constitutional deprivation, and that plaintiff was not re-hired).

CONCLUSION

For the reasons set forth above, the Defendants' Motion for Partial Reconsideration and Summary Judgment (DE #41) is **DENIED.**

**DATED:  May 14, 2018**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**